## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| **NORTH CENTRAL** | ) | **CASE NO.  4:07 CV 1968** |
| **PENNSYLVANIA DIALYSIS** | ) | |
| **CLINICS, LLC, et. al.** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| **DEBORAH LEE TODA, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |


This matter is before the Court upon Plaintiffs' North Central Pennsylvania Dialysis Clinics, LLC, ("NCPDC") and SPCS Investment Co., Ltd.'s ("SPCS") ("Plaintiffs") Motion to Remand.  (Dkt. # 12).  Also before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint.  For the reasons below, Plaintiffs' Motion to Remand is **GRANTED**.

## I.    PROCEDURAL HISTORY

Plaintiffs filed this action in the Mahoning County Court of Common Pleas on July 14, 2006.  (Dkt. # 1, Ex. 1).  Plaintiffs filed an Amended Complaint (Dkt. # 1, Ex. 2) naming Defendant as a party defendant on June 6, 2007, but Defendant was never served.  (Dkt. #s 18, 19).  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 on July 2, 2007.  (Dkt. # 1).  Plaintiff then filed a Motion to Remand (Dkt. # 12) on July 16, 2007, asserting that their claim is a state common law negligence claim.  In addition, Plaintiffs filed

1

a Motion for Leave to File Second Amended Complaint (Dkt. # 13) with the Proposed Second

Amended Complaint attached on July 19, 2007, adding two additional state law claims.

## II.      FACTUAL BACKGROUND

Plaintiffs allege the following.  Deborah Toda ("Toda"), a defendant in the state court

claims related to this case, was placed with Plaintiff SPCS by co-defendant Ryan Alternative

Staffing, Inc. ("Ryan") to serve as the bookkeeper for Plaintiff NCPDC.  (Dkt. # 1, Ex. 2 at

¶ 8).  On or about June 6, 2006, SPCS employees uncovered fraudulent behavior by Toda,

including: forgery of signatures on company checks for personal use, alteration of company

bank statements and cancelled checks, and alteration of computer books and records for the

purpose of covering up checks illegally written for the purpose of deposit in Toda's personal

account.  (Dkt. # 1, Ex. 2 at ¶ 10).  Toda maintained an account or accounts at the Warren,

Ohio, branch of Defendant Charter One Bank, N.A.  (Dkt. # 1, Ex. 2 at ¶ 32).  Toda deposited

and withdrew Plaintiffs' funds from said accounts, and in doing so, engaged in a pattern of

activity which was an attempt to evade the provisions of the Currency Transaction Reporting

Act ("CTRA"), 31 U.S.C. § 5313, et seq.  (Dkt. # 1, Ex. 2 at ¶ 33).  Defendant knew or should

have known that the source of the funds which Toda was depositing and withdrawing from

her account or accounts belonged to Plaintiffs, Defendant violated the CTRA and 31 § C.F.R.

103.18, and Defendant was grossly negligent and proximately caused damage to Plaintiffs.

(Dkt. # 1, Ex. 2 at ¶ 34-35).

Defendants removed the instant case from the Mahoning County Court of Common

Pleas pursuant to 28 U.S.C. § 1441, asserting that the federal courts have subject matter

jurisdiction over Plaintiffs' claim because the claim "arises under" federal law due to a substantial question of federal law.

## III.    LAW AND ANALYSIS

"[T]he district courts of the United States… are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"  Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).  The removal statutes evince the intent of Congress to grant "a limited class of state-court defendants" the right to a federal forum.  Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  In this vein, the removal statutes are to be narrowly construed. See First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002).  Indeed, the district court must remand a case if at any time prior to final judgment it appears that the case was removed improvidently and without jurisdiction.  See 28 U.S.C. § 1447(c).  Remand from district court to state court is appropriate in two instances:  (1) the absence of subject matter jurisdiction; or (2) a defect in the removal procedures.  See Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995).

A defendant may remove an action to federal court pursuant to 28 U.S.C. § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question, such as a federal cause of action, or demonstrates a diversity of citizenship between the parties.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  In the instant matter, Defendant must demonstrate that the Court maintains original or diversity jurisdiction over the Complaint in order to prevent a remand of the action to the state forum.  See Wilson v.

3

<u>Republic Iron & Steel Co.</u>, 257 U.S. 92, 97-98 (1921) (establishing that the party seeking removal bears the burden of demonstrating its right thereto); <u>Rogers v. Wal-Mart Stores, Inc.</u>, 230 F.3d 868, 871 (6th Cir. 2000) (same).

In order to satisfy this burden, Defendant invokes federal question jurisdiction, contending that the resolution of Plaintiffs' claims, whether taken from the Amended Complaint (Dkt. # 1, Ex. 2) or the Proposed Second Amended Complaint, will require in-depth analysis of the CTRA and accompanying regulations.  It is this analysis which will determine whether any duty was owed to Plainiffs and whether Defendant breached the alleged duty.  Defendant alleges that unless Plaintiffs can prove the existence of a duty under the CTRA, and a breach of that duty by failing to comply with the statute, Plaintiff's claim will fail; therefore, Plaintiff's negligence claim is "arising under" federal law, and the Court maintains subject matter jurisdiction over the claim.

Plaintiffs argue that their right to relief under the negligence claim does not "necessarily depend[] on the resolution of a substantial question of federal law."  (Dkt. # 12) (citing <u>Christianson v. Colt Industries</u>, 486 U.S. 800, 808 (1988); <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004)).  Rather, they assert that a violation of the CTRA is merely one theory under which they could recover and is neither essential nor necessary to their claim, and, therefore, there is no federal question jurisdiction.

The Supreme Court held that in order for federal courts to maintain subject matter jurisdiction, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S.

804, 813 (1986) (quoting <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 13 (1983)).  "[T]he mere presence of a federal question issue in a state cause of action does not automatically confer federal-question jurisdiction."  <u>Id</u>.

The Sixth Circuit utilizes a three-part test in determining whether federal question jurisdiction exists over a state law claim:  "a federal question may arise out of a state law case or controversy if a plaintiff asserts a federal right that (1) involves a substantial question of federal law, (2) is framed in terms of state law, and (3) requires interpretation of federal law to resolve the case."  <u>Grable & Sons Metal Prods. v. Darue Eng'g and Mfg.</u>, 377 F.3d 592, 595 (6th Cir. 2004); <u>aff'd by</u> 545 U.S. 308 (2005).

Whether a claim presents a federal question is determined from what appears in Plaintiffs' own statement of the claim.  <u>Grable</u>, 377 F.3d at 594.  Though the Court would likely grant Plaintiffs leave to properly file the Second Amended Complaint, the Sixth Circuit Court of Appeals held that "the existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal."  <u>Harper v. AutoAlliance Int'l Inc.</u>, 392 F.3d 195, 210 (6th Cir. 2004).  "It is that unadorned snapshot of the pleadings that we examine in order to decide whether the case 'arises under' federal law.  Subsequent amendments are permitted, of course; but if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under <u>28 U.S.C. § 1367(c)</u>."  <u>Eastman v. Marine Mech. Corp.</u>, 438 F.3d 544, 551 (6th Cir. 2006).  Based on this Sixth Circuit rule, it is unnecessary to decide whether Plaintiffs' should be allowed to properly file

the Second Amended Complaint.  However, for the sake of completeness, the Court will undertake the analysis in light of each complaint.

### 1.   Plaintiffs' Amended Complaint

Plaintiffs' right to relief as stated in the Amended Complaint is a state law negligence claim that is arguably entirely reliant upon the showing of a duty arisen under the CTRA. (Dkt. # 1, Ex. 2).  Therefore, Defendant is likely correct in asserting that the resolution of Plaintiffs' claim is entirely dependent upon federal law, and prongs (2) and (3) of the Sixth Circuit's test are satisfied.  Therefore, the Court must decide whether the resolution of this case involves a substantial question of federal law, as required by prong (1).  Plaintiffs', relying primarily on the Merrel Dow line of cases, allege that the lack of a federal cause of action is conclusive evidence that Congress did not consider it a substantial question of federal law and had no intent to extend federal question jurisdiction over state law claims involving the CTRA.  478 U.S. 804; See Also Dixon, 369 F.3d 811; Green v. Wachovia Bank, N.A., 2007 U.S. Dist. Lexis 32164 (D.D.C. 2007).

The Court looks to the analysis of the Grable Court, in which the Supreme Court clarified the Merrell Dow decision, for guidance.  Grable involved an action to quiet title in which the Internal Revenue Service had allegedly seized plaintiff's property without following federal guidelines regarding notification and then sold it to a third party.  See Grable, 545 U.S. 308.  The defendant removed the case to federal court, contending that the resolution required interpretation of the notice statute in the federal tax law.  Id.  The plaintiff moved to remand, but its motion was denied by the district court, and the Sixth Circuit Court

of Appeals and Supreme Court both affirmed because "the meaning of the federal statute [was] actually in dispute." Id., at 315.  In addition, the Supreme Court noted that there was a strong federal interest in providing a federal forum for federal tax litigation.  Grable, 545 U.S. at 310.  The analysis is distinguishable from the instant case because the instant case involves a state tort action, rather than a much rarer quiet title action, and does not involve an interpretation of the scope of the CTRA, merely the application of the CTRA to the facts of the case; however, Grable's clarification of what is necessary in order to invoke federal jurisdiction is instructive.

The Grable Court stated that the absence of a private, federal cause of action is evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that 28 U.S.C.S. § 1331 requires, and Merrell Dow's "primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies… as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331." 545 U.S. at 318.  The Grable Court also noted that it was concerned with "attract[ing] a horde of original filings and removal cases raising other state claims with embedded federal issues." Id.  "A general rule of exercising federal jurisdiction over state claims resting on federal… statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the 'increased volume of federal litigation,' and noting the importance of adhering to 'legislative intent,' Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating

7

federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence]… under state law.'" Id., at 319 (quoting 478 U.S. at 811-812).

As there is no question that the CTRA does not preempt state remedies, and allowing removal of a case in which a violation of a federal statute is given negligence *per se* effect in a state court would potentially allow an influx of "original filings and removal cases raising other state claims[,]", the Court believes the instant case is one which the Merrell Dow and Grable Courts were concerned about attracting.

It is clear that the CTRA does not provide a private, federal cause of action for a violation and does not preempt state remedies; therefore, the Court finds that Congress did not consider state negligence claims predicated on a violation of the CTRA to be substantial questions of federal law. Therefore, the Court finds that Plaintiffs' claim does not "arise under" federal law, and there is no federal jurisdiction based upon the claim in the Amended Complaint. See 31 U.S.C. § 5313, et seq.

### 2.    Plaintiffs' Second Amended Complaint

In the Proposed Second Amended Complaint, Plaintiffs' fifth claim is arguably based entirely on a breach of duty arising under the CTRA. However, Plaintiffs' seventh claim is an alternative theory based upon Ohio law under which they could recover. Pertaining to prong (3) of the Sixth Circuit test, requiring interpretation of a federal law, a "plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." Dixon, 369 F.3d at 816. "When a state-created cause of action is supported by alternative, independent

8

theories - one of which is a state law theory and the other a federal law theory - federal question jurisdiction does not attach because federal law is not an essential or necessary element of the cause of action." Walker v. City of Collegedale, 2004 U.S. Dist. Lexis 27698, *19 (D. Tenn. 2004) (citing Christianson, 486 U.S.; Dixon, 369 F.3d at 816-18; Howery v. Allstate Ins. Co., 243 F.3d 912, 917-919 (5th Cir. 2001); Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 759-761 (6th Cir. 2000); Rains v. Criterion Systems, Inc., 80 F.3d 339, 346-47 (9th Cir. 1996); Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 153 (4th Cir. 1994)).

The Court also finds persuasive the analysis of Green, in which the D.C. district court dealt with an analogous situation.  2007 U.S. Dist. Lexis 32164.  After the funds in Green's Wachovia bank accounts were stolen through fraud and forgery of a third party, Green sued Wachovia for, among others, negligence and negligence *per se*; the negligence *per se* claim was based upon violation of a duty owed under the Electronic Funds Transfer Act, while the negligence claim was based upon breach of a duty of care under D.C. law.  Id.  As the two alternative claims both sought to hold Wachovia liable for the same underlying conduct, the Court held that Green's right to relief did not necessarily depend on federal law; therefore, there was no federal question jurisdiction.  Id., at *7.

In the Second Amended Complaint, Plaintiffs have pled alternative theories of negligence arising under a breach of duty under the CTRA and a breach of duty under O.R.C. §§ 1303.43, 1303.44(D), and/or 1303.47.  (Dkt. # 14).  Thus, Plaintiffs' right to relief does not necessarily depend upon federal law and, therefore, does not satisfy prong (3) of the Sixth

Circuit's test.  The Court finds that it would not have federal question jurisdiction over this case even if prong (1) were satisfied.  The Court, in its discretion, would remand the case to state court.

Finally, as the Court has determined that it does not have subject matter jurisdiction over the instant case, it declines to resolve whether Defendant's First or Second Notices of Removal were defective.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby orders that Plaintiffs North Central Pennsylvania Dialysis Clinics, LLC, and SPCS Investment Co., Ltd.'s Motion to Remand to the Mahoning County Court of Common Pleas is **GRANTED**.  (Dkt. # 12).  As a result, Plaintiffs' Motion for Leave to File Second Amended Complaint is **DENIED** as moot.  (Dkt. # 13).


**IT IS SO ORDERED.**

**/s/  Peter  C.  Economus  -  08/13/047**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**